1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RONALD MOORE,

                Plaintiff,

  v.

CNC APEX CORPORATION, et al.,

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

1:10cv01687 LJO DLB

ORDER GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT

(Document 18)

Plaintiff Ronald Moore ("Plaintiff") filed the instant motion for leave to an amended complaint on May 5, 2011.  Pursuant to Local Rule 230(g), the Court deemed the matter suitable for decision without oral argument.

## BACKGROUND

Plaintiff filed this Americans with Disabilities Act ("ADA") action on September 15, 2010.  Plaintiff, who uses a wheelchair while traveling in public, alleges numerous violations of both the ADA and California statutes at Fosters Freeze in Reedley, California.  Defendants CNC Apex Corporation dba Fosters Freeze and Dubu, Inc., are the owners and operators of Fosters Freeze.

Plaintiff alleges that he is a disabled person as defined by the ADA and California law. He alleges that he visited Fosters Freeze and encountered barriers "that interfered with- if not outright denied" his ability to use and enjoy the goods, services, privileges and accommodations

1    offered.  Plaintiff sets forth approximately 43 alleged violations related to parking, walkways,

2    signs, the restroom and the seating area.

3           Plaintiff contends that he was deterred from visiting Fosters Freeze because he knew that

4    the goods and services would be unavailable to him.  He alleges that Defendants knew of the

5    violations and had the financial resources to remedy the problems.  Plaintiff alleges that the

6    continued presence of the barriers "is so obvious as to establish Defendants' discriminatory

7    intent."

8           Based on these allegations, Plaintiff sets forth causes of action for (1) violations of the

9    ADA; (2) violation of the California Disabled Persons Act, Cal.Civ. Code § 54; (3) violation of

10   the Unruh Civil Rights Act, Cal. Civ. Code § 51; and (4) denial of full and equal access to public

11   facilities pursuant to Cal. Health & Saf. Code § 19955, et seq.

12          Defendant CNC Apex Corp., answered the complaint on October 28, 2010.  Defendant

13   Dubu, Inc., filed its answer on November 8, 2010.

14          Plaintiff filed this motion on May 5, 2011.  Neither Defendant filed an opposition.[1]

15                                        **DISCUSSION**

16          Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend "shall be freely

17   given when justice so requires."  The United States Supreme Court has stated:

18          [i]n the absence of any apparent or declared reason    such as undue delay, bad faith or
             dilatory motive on the part of the movant, repeated failure to cure deficiencies by
19          amendments previously allowed, undue prejudice to the opposing party by virtue of
             allowance of the amendment, futility of amendment, etc.    the leave sought should, as the
20          rules require, be "freely given."

21   Foman v. Davis, 371 U.S. 178, 182 (1962).  The Ninth Circuit has summarized these factors to

22   include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4)

23   futility of amendment.  Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir.

24   1984).  Granting or denial of leave to amend rests in the sound discretion of the trial court.

25   Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996).  Despite the policy

26   favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is

27

28          [1] Plaintiff's counsel, Tanya Moore, states that she contacted Defendants' counsel on April 18, 2011, and
     sought a stipulation to file a first amended complaint.  As of May 5, 2011, she had not received a response.

futile or would be subject to dismissal.  Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

Plaintiff seeks to file a first amended complaint adding more alleged barriers to access that were identified during the discovery process.  On March 11, 2011, a certified access specialist inspected Fosters Freeze and identified an additional 20 violations.  Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1047 (9th Cir. 2008) ("An ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability.")

Plaintiff also seeks to conform the complaint to the requirements set forth in Chapman v. Pier One Imports, Inc., 631 F.3d 939 (9th Cir. 2011), decided months after Plaintiff filed this action.  In Chapman, the Ninth Circuit required that an ADA plaintiff plead with particularity the specific barriers that he or she encountered and how the disability was affected so as to deny full and equal access.  *See eg.,* Feezor v. Patterson, 2011 WL 1466897, *2 (E.D.Cal. 2011) (recognizing that "[n]umerous district courts sitting in the Ninth Circuit have recently granted plaintiffs asserting ADA claims leave to amend their complaints to adhere to the Chapman standard.").

Defendants did not oppose this motion.  Plaintiff's amendments are not futile and he does not appear to be acting in bad faith or with undue delay.  Moreover, no prejudice to Defendants is likely where the amendments do not change the nature of the action and relate to the alleged violations in the original complaint.

## ORDER

Based on the above, Plaintiff's motion is GRANTED.  Plaintiff SHALL file his amended complaint within ten (10) days of the date of service of this order.  Defendants may file an answer to the amended complaint within fifteen (15) days of service.

IT IS SO ORDERED.

**Dated:   June 20, 2011**            **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE